# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| NORA LESTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:09-0344 |
| ) | |
| AMBER L. NELSON, Warden, ) | |
| ) | |
| Respondent. ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

On April 6, 2009, Petitioner, acting *pro se* and incarcerated at FPC Alderson, filed an Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) For the reasons set forth below, the undersigned respectfully recommends that Petitioner's Application be construed as a Motion under 28 U.S.C. § 2255 and as such dismissed as filed beyond the one year period of limitations specified at 28 U.S.C. § 2255(f).

### FACT AND PROCEDURE

Petitioner was charged by a six count Indictment filed on September 21, 2004, in the United States District Court for the Western District of Virginia. United States v. Lester, Criminal No. 1:04-00070 (W.D.Va. Dec. 12, 2005), Document No. 1. On September 20, 2005, Petitioner pled guilty to conspiracy to possess with the intent to distribute oxycodone, a Schedule II controlled substance, in

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

violation of 21 U.S.C. § 846 (Count One); and to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Six). Id., Document Nos. 227 and 228. Petitioner was sentenced on December 12, 2005, to a 70-month term of imprisonment as to Count One, and a 60-month term of imprisonment as to Count Six, to run consecutively. Id., Document Nos. 239 and 240. The District Court also imposed a four year term of supervised release. Id. Petitioner did not appeal her sentence or conviction. On December 1, 2008, Petitioner, acting *pro se*, filed a Motion to Reduce Sentence. Id., Document No. 260. By Order entered on December 4, 2008, the District Court denied Petitioner's Motion. Id., Document Nos. 261 and 262.

Petitioner filed the instant Petition on April 6, 2009. (Document No. 1.) As grounds for *habeas* relief, Petitioner alleges as follows: (1) "Actual innocence of § 924(c) charge under law" (Id., pp. 5 - 10.); (2) Violation of "Vth Amendment right to Due Process-Arraignment" (Id., pp. 10 - 12.); (3) Violation of "VIth Amendment right to counsel at custodial interrogation where confession was coerced" (Id., pp. 12 - 13.); and (4) Violation of "VIth Amendment right to effective counsel" (Id., pp. 13 - 15.). First, Petitioner contends there was insufficient evidence to support her Section 924(c) conviction because (a) "there was never any proximity of Nora Lester's small-caliber handgun to any drug-trafficking crime;" (b) "Nora Lester's small revolver was never present on any of the three occasions she confessed to being at her brother's home during the alleged activity involving drug-trafficking or any other;" (c) no "strategic location of weapon in relation to locus of drug activities;" and (d) "Nora Lester legally possessed a weapon, but never at a drug-trafficking crime." (Id., pp. 8 - 9.) Second, Petitioner contends that she was improperly imprisoned for 142 days without having an arraignment. (Id., pp. 10 - 11.) Third, Petitioner contends that she was "detained on July 8, 2003, by federal agents [and] interrogated without Miranda warning or offer of counsel, and ordered to sign a statement in exchange for her liberty and non-prosecution by federal authorities." (Id., p. 12.) Finally,

Petitioner argues trial counsel acted ineffective because he "had sold Nora Lester out to his fellow government attorneys and coerced her to sign their plea agreement at their very first encounter." (Id., p. 13.)

## DISCUSSION

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 Motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333 - 334. Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or

detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective" as discussed above, issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

The undersigned finds that Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of her conviction and sentence imposed by the Western District of Virginia. Specifically, Petitioner alleges that her conviction is invalid because (1) she is actually innocent as to Count Six, (2) her Fifth Amendment rights were violated; and (3) her Sixth Amendments rights were violated. (Document No. 1.) Thus, Petitioner requests that the Court overturn her conviction as to Count Six and "issue a writ of habeas corpus for her release upon completion of her sentence for the charge of conspiracy (70 months)." (Id., p. 17.) Therefore, in view of the nature of the claims, the Application in this case must be considered as a Motion to Vacate, Set Aside or Correct his sentence under Section 2255.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was

> without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Considering Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Western District of Virginia. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's Application in this case should be dismissed because her Application construed as a Section 2255 Motion is untimely under the one year limitation period of Section 2255(f).[2]

Furthermore, Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that she could resort to Section 2241. The undersigned notes that Petitioner does not allege an intervening change in law that establishes her actual innocence. Additionally, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain her burden of showing the inadequacy or ineffectiveness of a Section 2255 Application and her Section 2241 Petition should be dismissed.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of Habeas Corpus by a Person in Federal

---

[2] Petitioner was sentenced on December 12, 2005, and her sentence became final ten days later when she did not file a Notice of Appeal (December 24, 2005). On April 6, 2009, approximately 3 years and 3 months after the one year period expired, Petitioner filed the instant Petition raising issues challenging her sentence and conviction in Criminal No. 1:04-00070. Petitioner's Petition is therefore clearly untimely.

Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: July 14, 2010.

R. Clarke VanDervort
United States Magistrate Judge